UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ZURIEL VAZQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14 CV 153  PPS |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant | ) | |

## OPINION AND ORDER

*Pro se* plaintiff Zuriel Vazquez has sued the United States Postal Service because they lost his package. The Postal Service argues they are immune from his suit [DE 4]. I agree with the Postal Service, so Vasquez's case is **DISMISSED**.

### Background

Zuriel Vasquez filed a *pro se* complaint in the Small Claims Division of the Lake County Superior Court alleging the Postal Service lost his package and owed him $716.50 [DE 31-1 at 6]. The complaint states:

> "The defendant lost my package and [it] was not delivered to the person I [sent] it [to]. The defendant would not offer to pay for it. I open many cases with them in order to find my package and they would close it without a solution to the problem. Without notifying me, they would not put the information I [gave] them in their system. They now blame me and say it is too late to do something."

*Id*. The Postal Service removed the case to this District Court [DE 2]. On June 13, 2014, the Postal Service filed a motion for summary judgment, arguing that Vasquez's claim is barred by the doctrine of sovereign immunity [DE 4]. Since Vasquez is a *pro se* plaintiff, the Postal

Service provided Vasquez with notice of the summary judgment motion and warned him about the consequences of failing to respond [DE 6; DE 7]. Vasquez has not responded.

## Discussion

The Postal Service has included affidavits and evidence regarding Vasquez's conduct with their motion for summary judgment, but I don't think it is necessary for me to consider anything beyond the complaint in this case. Sovereign immunity concerns a plaintiff's statutory right to relief. *See United States v. County of Cook*, 167 F.3d 381, 389 (7th Cir. 1999) ("[w]hat sovereign immunity means is that relief against the United States depends on a statute"); *see also Williams v. Fleming*, 597 F.3d 820, 824 (7th Cir. 2010)*; Collins v. United States*, 564 F.3d 833, 837-838 (7th Cir. 2009). As the Seventh Circuit has explained, when the government claims sovereign immunity, my job is to compare the allegations in the complaint to the list of exceptions to the Federal Tort Claims Act. *Williams*, 597 F.3d at 820 ("[L]ower courts should scrutinize the cause of action, and if a § 2680 exception applies, then courts should relieve the United States from the burden of defending against the lawsuit."). Since there is no need to go beyond the complaint, the Postal Service's motion is better considered as a motion challenging Vasquez's ability to state a claim upon which relief can be granted. So I am going to construe the motion as a motion to dismiss. *See Grzelak v. Calumet Pub. Co.*, 543 F.2d 579, 583 (7th Cir. 1975).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act contains a limited waiver of sovereign immunity. 28 U.S.C. §§ 1346(b)(1), 2401, 2671-80. Section 1346(b)(1) permits recovery of money damages against the United States in the following

circumstances:

> [F]or injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

However, section 2680 sets forth a number of exceptions to the FTCA's limited waiver, one of which is the postal-matter exception. Section 2680(b) provides that the United States does not waive immunity for "any claims arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" 28 U.S.C. § 2680(b). As the Supreme Court explained, the exception preserves sovereign immunity for claims of "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. U.S.P.S.*, 546 U.S. 481, 489 (2006). The exception applies squarely in this case as Vasquez claims he is entitled to damages because the Postal Service failed to deliver his package.

Accordingly, the Court **CONSTRUES** the Postal Service's motion [DE 4] as a motion to dismiss, and **GRANTS** that motion to dismiss. Plaintiff's case is **DISMISSED**. The clerk shall **ENTER FINAL JUDGMENT** in favor of the Defendant stating that Plaintiff is entitled to no relief. The clerk shall treat this civil action as **TERMINATED**. All further settings in this action are hereby **VACATED**.

**SO ORDERED**.

ENTERED: September 15, 2014

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT